UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HUMBERTO FERNANDEZ,

                      Petitioner,

                                                                  **OPINION & ORDER**
-against-                                                   **07-CV-3338**

PAUL W. ANNETS, Superintendent,
Downstate Correctional Facility

                      Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

On March 15, 2004, *pro se* petitioner Humberto Fernandez ("Petitioner") plead guilty to one (1) count of criminal possession of a controlled substance in the second degree in County Court of the State of New York, Suffolk County. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

I.      Background

    A.      Petitioner's Plea

On January 16, 2004, Petitioner appeared with counsel in the County Court of the State of New York, Suffolk County. After being placed under oath, Petitioner responded to questions by the court and indicated he understood that by pleading guilty, he was waiving his rights to: (1) a trial; (2) have the prosecution produce evidence and witnesses and prove his guilt beyond a reasonable doubt; (3) cross-examine prosecution's witnesses; (4) testify in his own behalf; (5)

1

call witnesses; (5) present evidence and (6) appeal his conviction to a higher court. Plea transcript ("Plea Tr.") at 5-6. Additionally, Petitioner indicated that he was pleading guilty of his own free will, was not coerced or threatened, and was not under the influence of any drugs, medication, alcohol or any substance that impaired his ability to understand the proceeding. *Id.* at 6-7. Petitioner denied that any promises had been made to induce his plea, other than the conditional promise of the court that he would be sentenced to an indeterminate period of incarceration, with a minimum of ten (10) years and a maximum of life imprisonment. *Id.* at 7, 10. He acknowledged that commission of another felony within ten (10) years following his release from custody might result in an enhanced sentence due to his past felony convictions. *Id.* at 8. Petitioner acknowledged that a failure to abide and cooperate by the conditions set forth by the sentencing court could result in an imposition of the maximum sentence permitted by law. *Id.* at 9.

Petitioner allocuted that, on June 12, 2002, he knowingly and unlawfully possessed more than four (4) ounces of cocaine at his residence, Five (5) Laremie Court in Coram in Suffolk County, New York. *Id.* at 11-12. He also allocuted that, on July 28, 1997, he had been convicted of one (1) count of attempted criminal sale of a controlled substance in the third degree and sentenced to ninety (90) days of incarceration and five (5) years probation. *Id.* at 12-13. Petitioner entered a plea of guilty to one (1) count of criminal possession of a controlled substance in the second degree in violation of New York State Penal Law § 220.18. *Id.* The court accepted Petitioner's guilty plea, adjudicated Petitioner a second felony offender, and scheduled sentencing for March 15, 2004. *Id.*

B. Post Plea Background

At an appearance on March 15, 2004, the court (1) acknowledged the agreed upon disposition, (2) sentenced Petitioner to an indeterminate period of incarceration of ten (10) years to life, (3) imposed a mandatory surcharge of two hundred ten dollars ($210.00), and (4) suspended Petitioner's license to operate a motor vehicle. Sentencing Transcript, ("Sen. Tr.") at 5-6.

Petitioner appealed his conviction to the New York Supreme Court, Appellate Division, Second Department, on the grounds that his sentence was harsh and excessive. See Defendant's Affidavit in Support of Motion for Re-Sentencing. The Appellate Division affirmed Petitioner's sentence. People v. Fernandez, 19 A.D.3d 1186, 797 N.Y.S.2d 18 (App. Div. 2005). Petitioner presented the same claim to the New York State Court of Appeals, which denied leave to appeal. People v. Fernandez, 5 N.Y.3d 788, 835 N.E.2d 669, 801 N.Y.S.2d 809 (2005).

On June 12, 2006, Petitioner sought to vacate his judgment of conviction, pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10, on the grounds that: (1) he was denied his right to effective assistance of counsel under the state and federal constitutions; (2) he was denied due process by not receiving proper notice of the "standing alone rights" conferred upon him through the "Vienna Convention"; and (3) he was denied due process when he was not notified that his vehicle would be subject to forfeiture upon his plea of guilty. Petition, at 3; Petition Part 2 at 5, 6, 11; e-file pp. 15, 16, 21. The motion was denied by the Suffolk County Court without a hearing on September 26, 2006. Petition Part 3, Exhibit: Decision and Order; e-file pp. 11-12. Petitioner's motion for leave to appeal to the Appellate Division was denied on

3

May 7, 2007, and his application for leave to appeal to the Court of Appeals was denied on June 12, 2007.

On August 7, 2007, Petitioner filed the instant petition claiming that: (1) his arrest was based upon a racially motivated pretextual stop in violation of his "Fourth, Fifth, Sixth and Fourteenth Amendment" rights (Petition, e-file p. 21.); (2) he received ineffective assistance of counsel in violation of the Sixth Amendment; and (3) he was denied due process under the Fourteenth Amendment when his vehicle was forfeited without notice. Petition at 6-7.

II. The AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief.

A. Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner must "exhaust the remedies available in state court or demonstrate that 'there is an absence of available [s]tate corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347,

158 L.Ed.2d 64 (2004); see also McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 96 (2d Cir. 2001) (noting that "the factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts").

Petitioner's due process claim was presented to the Appellate Division and the Court of Appeals of New York, and therefore the state court remedies for this claim have been properly exhausted. However, the remainder of his claims have not been properly exhausted. While Petitioner presented a claim of ineffective assistance of counsel to both the Appellate Division and the Court of Appeals, that claim concerned his attorney's failure to advise him of his right to "consular notification" pursuant to the "Vienna Convention," and his attorney's failure to inform Petitioner of the purpose of the suppression hearing. See Petition, Def. 440.10 Br. 5-11; e-file pp. 15-21. However, his instant claim of ineffective assistance of counsel concerns his attorney's failure to address the allegedly pretextual stop leading to Petitioner's arrest. See Petition at 6, 7, e-file pp. 21-22. Likewise, Petitioner did not previously present his Fourth Amendment claim to the Court of Appeals, and thus the state court remedies have not been exhausted.

Where a district court is faced with a "mixed" petition that contains both exhausted and unexhausted claims it may: (1) stay the proceeding pending complete exhaustion of state remedies;[1] (2) dismiss the petition, without prejudice, until the claims have been exhausted in

---

[1] The Supreme Court has held that a stay and abeyance should only be available in "limited circumstances" and that such a measure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." In addition, the court would be deemed to have abused its discretion if it were to grant petitioner a stay "when [petitioner's] unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

5

state court, unless such review would be precluded pursuant to the AEDPA's one (1) year statute of limitations; (3) afford petitioner an opportunity to withdraw the unexhausted claim(s); or (4) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). See, e.g., Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003). The petition contains both exhausted and unexhausted claims. For the reasons below, the petition is denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

III. Analysis

A. Fourth Amendment Claims

If a petitioner has pleaded guilty to a crime, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Arango, 966 F.2d 64, 66 (2d Cir.1992), United States v. Doyle, 348 F.2d 715, 718 (2d Cir. 1965). A guilty plea forecloses a challenge to pre-plea state action on Fourth Amendment grounds in a habeas corpus petition. See Haring v. Prosise, 462 U.S. 306, 321-2, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), see also United States v. Gregg, 463 F.3d 160 (2d Cir. 2006). A state court prisoner who is convicted upon a plea of guilty "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970),]." Tollett, 411 U.S. at 267. Insofar as Petitioner challenges the legality of his arrest or

search under the Fourth Amendment, the petition is denied.

Insofar as Petitioner challenges the voluntariness of his guilty plea, the claim is without merit. Petitioner clearly indicated in his allocution that he was entering the plea of his own free will, was not threatened into pleading guilty, was not under the influence of any drugs, alcohol or any other substance that would impair his ability to understand the proceedings, and that he had had a full opportunity to speak with his attorney. Plea Tr. at 4-7. Petitioner has not alleged any additional factors that indicate he did not voluntarily enter his plea.

B. Equal Protection Claims under the Fifth Amendment and Fourteenth Amendment

Petitioner's assertion that his arrest was racially motivated, not based upon probable cause, and thus, in violation of his Constitutional rights under the Fifth and Fourteenth Amendment, is also without merit. The legality of his arrest and the seizure of contraband is properly raised as a Fourth Amendment challenge. See, e.g., Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Therefore the petition is denied based upon the reasons stated above.

C. Due Process Claim Regarding Forfeiture of Vehicle

The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Petitioner contends that he was denied his fundamental right to due process when he was

7

not notified that certain items were subject to forfeiture upon a plea of guilty. Petition at 7, e-file pg. 23. Petitioner's claim is factually baseless and without merit, and is therefore denied.

Both the Supreme Court and Second Circuit have held that the intentional or unintentional deprivation of property through the acts of a state or federal employee does not constitute a deprivation of due process if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Stuto v. Fleishman, 164 F.3d 820, 825 (2d Cir. 1999). Although Petitioner argues that he was denied due process by the alleged forfeiture of his vehicle without notice (Petition at 7, e-file pg. 23), Petitioner's vehicle was never the subject of a forfeiture proceeding. He was advised by a letter that his vehicle was held by the Suffolk Country Police Department Impound Unit, informing him of the proper procedure to recover his vehicle. See Letter from James J. Sullivan, Suffolk County Police Department Impound Unit, August, 29, 2007. Therefore, Petitioner's claim is denied.

### D. Ineffective Assistance of Counsel

The Sixth Amendment provides, *inter alia*, that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

8

different." Strickland v. Washington, 466 U.S. 668, 689, 694, 104 S.Ct. 2052, 2055, 80 L.Ed.2d (1984). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Knowles v. Mirzayance, ---U.S.---, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. at 2068). To prove a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Knowles, 129 S.Ct. at 1420 (quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2068). A petitioner may rebut this presumption only by demonstrating that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. at 690, 104 S.Ct. at 2066. The right to effective assistance of counsel does attach at the plea negotiation state. See United States v. Gordon, 156 F.3d 376, (2d Cir. 1998). However, "failure to make a meritless argument does not amount to ineffective assistance." U.S. v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Insofar as Petitioner contends that his attorney was ineffective by advising him to plead guilty without challenging the legality of the stop and arrest or informing him that he could challenge the witnesses, the petition is denied. His right to challenge the state's witnesses was explained to him by the judge when he entered a plea of guilty. Plea Tr. at 5-6. Petitioner's claim does not rebut the presumption that his attorney's conduct fell within the range of reasonable practice. In fact, Petitioner stated that he was satisfied with the manner in which his attorney had represented him. Plea Tr. at 5. Petitioner's arrest was made upon a search warrant and a prior judicial determination of probable cause. It is a plausible strategy for an attorney to choose not to raise what may appear to be a meritless claim. Furthermore, his attorney

negotiated a favorable plea agreement wherein Petitioner plead guilty to ten (10) years to lifetime incarceration, which Petitioner referred to as "a lesser sentence" that he would "accept... without fear." Sen. Tr. at 5. Therefore the petition is denied on this ground.

Insofar as Petitioner contends that his attorney was ineffective by failing to explain that forfeiture of his vehicle could be a collateral consequence of his plea, this claim is inaccurate. The letter received by Petitioner indicates that he was given notice of impoundment and an opportunity to reclaim his vehicle. Therefore, the petition is denied on this ground.

E. Certificate of Appealability.

As Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

IV. Conclusion

The Petition for a writ of habeas corpus is hereby denied in its entirety and the proceeding is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal

Rules of Civil Procedure, including mailing a copy of the Order to the pro se Petitioner at his last known address. Fed. R. Civ. P. 5(b)(2)(C).

The Clerk of the Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

10/7/10

Dated: October 7, 2010
       Central Islip, New York